**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CRYSTAL R. HARRIS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 17-00435-B** |
| | * | |
| **NANCY BERRYHILL,** | * | |
| **Acting Commissioner of Social** | * | |
| **Security,** | * | |
| | * | |
| **Defendant.** | * | |

<u>**ORDER**</u>

Plaintiff Crystal R. Harris (hereinafter "Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* On October 12, 2018, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 23). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **AFFIRMED.**

## I.    Procedural History[1]

Plaintiff filed her application for benefits on October 21, 2014, alleging disability beginning May 23, 2009, based on hidradenitis suppurativa (sometimes referred to as "HS"), depression, obsessive compulsive disorder, and asthma. (Doc. 12 at 191, 207, 211). Plaintiff's application was denied and upon timely request, she was granted an administrative hearing before Administrative Law Judge Robert Waller (hereinafter "ALJ") on July 27, 2016. (Id. at 53). Plaintiff attended the hearing with her attorney and provided testimony related to her claims. (Id. at 58). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id. at 81). On October 13, 2016, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 24). The Appeals Council denied Plaintiff's request for review on August 30, 2017. (Id. at 5). Therefore, the ALJ's decision dated October 13, 2016, became the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). Oral argument was conducted on November 19, 2018. (Doc. 30). This case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

## II.  Issue on Appeal

    1.  **Whether the ALJ reversibly erred in failing to find that Plaintiff's impairments met Listing 8.06?**

## III. Factual Background

Plaintiff was born on November 25, 1981, and was thirty-four years of age at the time of her administrative hearing on July 27, 2016.  (Doc. 12 at 53, 207).  Plaintiff quit school in the sixth grade because of problems with hidradenitis suppurativa,[2] and she did not obtain her GED.  (Id. at 59).

Plaintiff last worked in 2015 as a cleaner at a bank.  (Id. at 60).  Prior to that she worked retail and as a stocker in 2009 for JC Penney, in 2006 for Walmart, and in 2003 for Winn-Dixie.  (Id. at 59, 223).

Plaintiff testified that she can no longer work because she is having problems with her legs and pain from flareups from HS.  (Id. at 61).  When she has a flareup, she is unable to bend, stand, or walk for very long because of drainage and pain and sometimes must

---

[2] "Hidradenitis suppurativa (HS) is a chronic skin disease which causes painful, boil-like lumps that form under the skin and often secrete pus and blood. HS occurs most often in areas where skin rubs together, such as the armpits, groin, and under the breasts. Symptoms usually begin after puberty. . . . As time goes by, the skin lesions occur more often and get worse over time. . . . HS causes chronic pain, significant scarring, and can be socially isolating, but is not life-threatening. People with HS have an increased chance to feel depressed or anxious, which, along with chronic pain, may impact their quality of life." See https://rarediseases.info.nih.gov/diseases/6658/hidradenitis-suppurativa.

stay in the bed for several days.  (Id. at 65-66, 72).  She takes

medication that helps temporarily (antibiotic creams, antibiotics,

steroids, and pain medication), but it is an incurable, chronic

condition that recurs.  (Id. at 66, 68-69, 79).

## IV. **Standard of Review**

In reviewing claims brought under the Act, this Court's role

is a limited one.  The Court's review is limited to determining 1)

whether the decision of the Secretary is supported by substantial

evidence and 2) whether the correct legal standards were applied.[3]

Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A court

may not decide the facts anew, reweigh the evidence, or substitute

its judgment for that of the Commissioner.  Sewell v. Bowen, 792

F.2d 1065, 1067 (11th Cir. 1986).  The Commissioner's findings of

fact must be affirmed if they are based upon substantial evidence.

Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth

v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding

substantial evidence is defined as "more than a scintilla, but less

than a preponderance" and consists of "such relevant evidence as a

reasonable person would accept as adequate to support a

conclusion.").  In determining whether substantial evidence exists,

a court must view the record as a whole, taking into account

---

[3] This Court's review of the Commissioner's application of legal
principles is plenary.  Walker v. Bowen, 826 F.2d 996, 999 (11th
Cir. 1987).

evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**V.    Statutory and Regulatory Framework**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed

to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).  At the fourth step, the ALJ must make an assessment of the claimant's RFC.  See Phillips v. Barnhart, 357 F. 3d 1232, 1238 (11th Cir. 2004).  The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite his impairment.  See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

If a claimant meets his or her burden at the fourth step, it then becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history.  Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).  If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

**VI.  Discussion**

> **A. Substantial evidence supports the ALJ's finding that Plaintiff's hidradenitis suppurativa ("HS") does not meet Listing 8.06.**

In her brief, Plaintiff argues that the ALJ erred in finding

that her hidradenitis suppurativa does not meet Listing 8.06 given

that her treatment records satisfy the criteria of this Listing.

(Doc. 13).    The Government counters that the ALJ considered this

impairment and found that it did not meet *all* of the criteria of

the Listing and that the ALJ's finding is supported by substantial

evidence.    (Doc. 19).    Having reviewed the record at length, the

Court finds that Plaintiff's claim is without merit.

In the instant case, the ALJ found that Plaintiff had the

severe    impairments    of    hidradenitis    suppurativa,    obesity,

depression, obsessive compulsive disorder, borderline intellectual

functioning, and asthma.    (Doc. 12 at 26).    However, the ALJ found

that Plaintiff's impairments, whether considered individually or in

combination, did not meet, medically equal, or functionally equal

any listed impairment in 20 CFR Part 404, Subpart P, Appendix 1.[4]

(Id. at 27).

To meet Listing 8.06 (describing "hidradenitis suppurativa"),

a claimant must establish "extensive skin lesions involving both

axillae, both inguinal areas or the perineum that persist for at

least 3 months despite continuing treatment as prescribed."[5]    20

C.F.R pt. 404, subpt. P, § 8.06.    The preamble to the Listing

---

[4] In this appeal, Plaintiff challenges only the ALJ's finding that
her hidradenitis suppurativa did not meet Listing 8.06.    (Doc. 13
at 1).    Therefore, the Court limits its discussion to this issue.

[5] Axillae is the medical term for the armpits.    See https://www.
merriam-webster.com/dictionary/axilla#medicaldictionary.

7

defines "extensive skin lesions" as:

> 1. Extensive skin lesions. Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:
>
>> a. Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
>>
>> b. Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.
>>
>> c. Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 8.00(C)(1). With respect to the duration requirement, the preamble further provides:

> We will find that your impairment meets the duration requirement if your skin disorder results in extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed. By persist, we mean that the longitudinal clinical record shows that, with few exceptions, your lesions have been at the level of severity specified in the listing.

20 C.F.R. pt. 404, subpt. P, § 8.00(G).

Plaintiff is the one who bears the burden of providing medical records showing that she meets this Listing. See Goree v. Colvin, 2013 U.S. Dist. LEXIS 113131, *4, 2013 WL 4056218, *2 (N.D. Ala.

Aug. 12, 2013) (citing Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th

Cir. 2002)). "For a claimant to show that his [or her] impairment

matches a listing, it must meet *all* of the specified criteria. An

impairment that manifests only some of those criteria, no matter

how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521,

530 (1990) (emphasis in original). In addition, Plaintiff must

"present specific medical findings that meet the various tests

listed under the description of the applicable impairment." Bell

v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986). A diagnosis of a

listed impairment is not sufficient. See Carnes v. Sullivan, 936

F.2d 1215, 1218 (11th Cir. 1991). The record must contain

corroborative medical evidence supported by clinical and laboratory

findings. Id.

In support of her argument that her hidradenitis suppurativa

meets Listing 8.06, Plaintiff points to her treatment records from

August 2013 to October 2016 showing treatment for recurrent boils

and skin lesions caused by HS during that time period. (Doc. 13 at

3-4). However, as the ALJ found that, although Plaintiff has been

diagnosed with and treated for recurrent hidradenitis suppurativa,

she has experienced relief in symptoms with medication and surgery

during that time period and has failed to meet the severity

requirement for a continuous three-month period. (Doc. 12 at 27).

Specifically, the ALJ stated:

> [T]o meet the severity of listing section
> 8.04/8.06, the medical record must include

9

> evidence of chronic infections of the skin or
> mucous membranes with extensive fungating or
> extensive ulcerating skin lesions that persist
> for at least 3 months. The claimant does not
> meet listings 8.04 or 8.06 as her condition
> has improved with medication and has not
> lasted the required length of time noted in
> the listings.

(Doc. 12 at 27).

In her brief, Plaintiff does not directly address the duration requirement, nor does she point to any specific three-month period in her medical records during which she experienced persistent, "extensive" skin lesions that "very seriously limit[ed her] use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity," or that "very seriously limit[ed her] ability to ambulate." See 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 8.00(C)(1). Rather, Plaintiff merely states that her skin lesions on her arm pits and groin have persisted for over two years and have not improved. (Doc. 13 at 4).

The Court has reviewed the record at length and agrees with the ALJ that, while there is no question that Plaintiff has experienced recurrent, multiple skin lesions and boils caused by hidradenitis suppurativa from 2013 through 2016, it does not appear from the record, and Plaintiff has failed to show, that she has experienced "extensive" skin lesions resulting in serious functional limitations for at least a three-month period of time.

For example, although Plaintiff's treatment records in 2013, 2014, and early 2015 reflect recurrent problems with skin lesions

under her armpits (Doc. 12 at 326-27, 353-54, 371), her treatment records in February 2015 reflect that she still was able to move all of her upper and lower extremities "well." (Id. at 383). On February 23, 2015, Plaintiff underwent surgery to remove skin lesions from both armpits. At her follow-up appointment on February 25, 2015, her treatment notes reflect that the surgery was successful, without complications, and that she had resumed her normal activities. (Id. at 371-72, 389-91).

Plaintiff's treatment records in 2015 and 2016 reflect that she continued to experience outbreaks of skin lesions in her groin area, left arm, and under her breasts and was examined at the Mobile County Health Department, where it was noted that she was not feeling tired or poorly; she was in no acute distress; and she was instructed to start a walking routine and maintain regular exercise. (Id. at 393-401, 406-25). Her physical examination findings on those occasions were largely normal, and she was prescribed antibiotics and pain medication for the lesions. (Id.). On May 12, 2016, Plaintiff reported that she could not stand or sit for very long because of skin lesions in the perineum area and was prescribed medication. (Id. at 408). However, there is no indication that her functional limitations (inability to sit or stand for long periods of time) continued for a period of three months. To the contrary, Plaintiff's treatment notes on that same date included the continued recommendation that she exercise five

11

times a week.  (Id. at 409).  Moreover, approximately three weeks later, on May 31, 2016, Plaintiff's treatment records show that her skin was clear.  (Id. at 406).

At her hearing, Plaintiff testified that her medications, while not a cure, did provide some relief of symptoms.  (Id. at 65, 68-69).  She also reported that she lives alone, performs her own personal care, cooks, cleans, and does laundry, drives, shops, handles her own finances, goes to the mall and the park with her children, goes to church once a week, uses Facebook daily, and enjoys gardening.  (Id. at 58-59, 74-77, 238, 338, 342).

Finally, the ALJ discussed the opinions of consultative physician, Dr. Keith Varden, M.D., who examined Plaintiff and opined that her hidradenitis suppurativa would not preclude her from doing work-related activities.  (Id. at 32, 429).  The ALJ assigned Dr. Varden's opinions only partial weight because his examination occurred in 2011, prior to the Plaintiff's more recent treatment. (Id.).  However, the ALJ noted that the opinions were entitled to some weight because Plaintiff claimed that she had been unable to work since 2009.  (Id.).  Plaintiff does not challenge the ALJ's findings in this regard.  The ALJ also assigned little weight to the opinions of Nurse Practitioner Swartz set forth in a Food Stamp form completed in April 2016 stating that Plaintiff was unable to work due to depression, OCD, and skin boils under her arms.  (Id. at 33, 405).  The ALJ pointed out that Nurse Swartz failed to

address any functional limitations caused by Plaintiff's conditions and that Plaintiff's previous provider refused to complete a similar form. (Id. at 33, 410). Plaintiff does not challenge these findings.

In sum, the Court is not unsympathetic to the fact that Plaintiff has been dealing with the harsh effects of intermittent flare ups of hidradenitis suppurativa since childhood. However, the Court is constrained by the substantial record evidence supporting the ALJ's finding that Plaintiff's hidradenitis suppurativa did not meet Listing 8.06. The law is clear that it is not sufficient to establish some of the criteria of the Listing. Plaintiff must establish *all* of the criteria. See Sullivan, 493 U.S. at 530 ("For a claimant to show that his [or her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). This Plaintiff has failed to do. Accordingly, Plaintiff's claim that her hidradenitis suppurativa meets Listing 8.06 is without merit.[6]

---

[6] Although Plaintiff has cited evidence in the record which she claims supports a finding that the claimant is disabled, that is, at best, a contention that the record evidence supports a different finding. That is not the standard on review. The issue is not whether there is evidence in the record that would support a different finding, but whether the ALJ's finding is supported by substantial evidence. See Figueroa v. Commissioner of Soc. Sec., 2017 U.S. Dist. LEXIS 181734, *15-16, 2017 WL 4992021, *6-7 (M.D. Fla. Nov. 2, 2017) ("Although Plaintiff cites to certain test results, notes, and physical therapy findings as support for her contention that 'there were objective medical findings that support

## VII. <u>Conclusion</u>

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income be **AFFIRMED**.

**DONE** this **27th** day of **February, 2019.**


                         **/s/ SONJA F. BIVINS**
                     **UNITED STATES MAGISTRATE JUDGE**

---

the doctor's opinions about [her] limitations' . . ., this is, at best, a contention that the record could support a different finding. This is not the standard on review. The issue is not whether a different finding could be supported by substantial evidence, but whether this finding is.").